Baby Irene LUMANAUW, Petitioner,

v.

Michael B. MUKASEY, Attorney
General,* Respondent.

No. 07–1308.

United States Court of Appeals,
First Circuit.

Dec. 21, 2007.

Randall A. Drew and Law Offices of
Mona T. Movafaghi, PC on brief for peti-
tioner.

Peter D. Keisler, Assistant Attorney
General, Leslie McKay, Senior Litigation
Counsel, and Angela N. Liang, Trial Attor-
ney, on brief for respondent.

Before LIPEZ and HOWARD, Circuit
Judges, and GELPI,** District Judge.

PER CURIAM.

We recently denied a petition for review
brought by Mary Jane Lumanauw, see Lu-
manauw v. Mukasey, 510 F.3d 75 (1st
Cir.2007), a citizen of Indonesia who is the
sister of Baby Irene Lumanauw, the peti-
tioner in this case. Both women applied
for asylum, pursuant to 8 U.S.C. § 1158,
and withholding of removal, pursuant to 8
U.S.C. § 1231(b)(3). Mary Jane's case
was consolidated with Baby Irene's case
before the immigration judge ("IJ"), who

issued an oral decision rejecting both sis-
ters' claims. The Board of Immigration
Appeals affirmed the IJ's decision as to
both women.

To qualify for asylum, an applicant must
demonstrate that she has suffered past
persecution or has a well-founded fear of
future persecution on account of race, reli-
gion, nationality, membership in a particu-
lar social group, or political opinion. 8
U.S.C. §§ 1158(b)(1)(A), 1101(a)(42)(A).[1]
Although Mary Jane's asylum claim was
time-barred, Baby Irene arrived in the
United States somewhat later and her
claim is not time-barred. It is based on
threats made over the telephone and at
her school by people looking for Mary
Jane and Mary Jane's daughter, Sasha.
Baby Irene testified that she was never
directly threatened, but that she feared
that Kastanya, a Muslim man who is Sa-
sha's father, would continue to threaten
her sister and her whole family if they
returned to Indonesia. She testified that
the police could not protect them because
they are Christian. As we noted in Mary
Jane's case, "[t]he IJ fairly inferred ...
that this was essentially a child custody
battle between estranged parents, and one
which likely would have occurred even if
petitioner had been a Muslim." Luma-
nauw, 510 F.3d at 77. Moreover, no one
ever threatened any direct harm against
Baby Irene. Accordingly, the IJ reason-
ably concluded that Baby Irene had "failed
to establish that in fact a reasonable per-
son in her circumstances would have a
basis to fear that harm would be inflicted."
Finding substantial evidence on the record

* Pursuant to Fed. R.App. P. 43(c)(2), Attorney
General Michael B. Mukasey has been substi-
tuted for former Attorney General Alberto R.
Gonzáles as the respondent herein.

** Of the District of Puerto Rico, sitting by des-
ignation.

1. The standard for withholding of removal is
more stringent. *Fesseha v. Ashcroft*, 333 F.3d
13, 18 (1st Cir.2003). Accordingly, the failure
of a petitioner's asylum claim forecloses her
claim for withholding of removal.

to support this conclusion, we deny the petition for review.

*Denied.*